# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. ED CV 20-330 PA (KKx) | Date February 24, 2020 |
| Title Iscra Jaramillo v. Daniel Ott, et al. | |

Present: The Honorable **PERCY ANDERSON, UNITED STATES DISTRICT JUDGE**

| T. Jackson | None | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

None      None

**Proceedings:**      **IN CHAMBERS - ORDER**

Before the Court is a Notice of Removal filed by defendant Daniel Ott ("Removing Defendant"). Removing Defendant asserts that this Court has jurisdiction over the action brought against him and co-defendant Siegel Land & Livestock, LLC by plaintiff Iscra Jaramillo ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over those matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

To invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. When determining the amount in controversy, the Court must assume that the allegations in the complaint are true and that a jury will return a verdict in the plaintiff's favor on all of the claims in the complaint. See Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (emphasis in original); see also Rippee v. Boston Market Corp., 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005). When an action has been removed and the amount in controversy is in doubt, there is a "strong presumption" that the plaintiff has not claimed an amount sufficient to confer jurisdiction. Gaus, 980 F.2d at 566 (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–90, 58 S. Ct. 586, 82 L.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 20-330 PA (KKx) | Date | February 24, 2020 |
|---|---|---|---|
| Title | Iscra Jaramillo v. Daniel Ott, et al. | | |

Ed. 845 (1938)). "[T]he amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). "When not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

"Whether damages are unstated in a complaint, or, in the defendant's view are understated, the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds [the statutory minimum] when federal jurisdiction is challenged. . . . [A] defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015). "Conclusory allegations as to the amount in controversy are insufficient." Matheson, 319 F.3d at 1090–91.

Here, Removing Defendant's Notice of Removal alleges that it is "more likely than not" that the amount in controversy exceeds $75,000.00 because Plaintiff filed the action in San Bernardino Superior Court as an "unlimited" civil action exceeding $25,000.00. (Notice of Removal at ¶ 16.) According to the Notice of Removal, although the Complaint is silent on the amount of damages, Plaintiff seeks damages for "wage loss, loss of use of property, hospital and medical expenses, general damages, property damages, loss of earning capacity, and attorney costs and fees" and alleges that Plaintiff "sustained serious bodily injuries" as a result of a motor vehicle accident. (Id.) Neither the Complaint nor the Notice of Removal alleges any evidentiary facts concerning the nature of Plaintiff's injuries or the amount of damages Plaintiff seeks in excess of $25,000.00. The Court therefore concludes that Removing Defendant has failed to sufficiently support the Notice of Removal's allegation that the amount in controversy exceeds $75,000.00. As a result, Removing Defendant has failed to establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum, and Removing Defendant has therefore failed to establish this Court's diversity jurisdiction.

For the foregoing reasons, Removing Defendant has failed to satisfy his burden of showing that diversity jurisdiction exists over this action. Accordingly, this action is hereby remanded to San Bernardino Superior Court, Case No. CIVDS 2000278, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.